UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN TAMRAT,<br><br>          Plaintiff,<br><br>     v.<br><br>ROBERT SCHREEDER, et al.,<br><br>          Defendants. | Case No. 20-cv-01323-PJH<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and plaintiff has filed a second amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)

(citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that he was illegally arrested and prosecuted, and defendants used excessive force during the arrest.

**Legal Standards**

An allegation of the use of excessive force by a law enforcement officer in effectuating an arrest states a valid claim under 42 U.S.C. § 1983.  *See Rutherford v. City of Berkeley*, 780 F.2d 1444, 1447 (9th Cir. 1986), *overruled on other grounds by Graham v. Connor*, 490 U.S. 386 (1989); *see also Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641-42 (9th Cir. 2018) (pro se allegations that police officers "beat the crap out of" plaintiff and caused him severe injury enough to support a legally cognizable claim under § 1983).  Excessive force claims which arise in the context of an arrest or investigatory stop of a free citizen are analyzed under the Fourth Amendment reasonableness standard.

*See Graham v. Connor*, 490 U.S. 386, 394-95 (1989).

A claim of unlawful arrest is cognizable under § 1983 for violation of the Fourth Amendment's prohibition against unreasonable search and seizure if the complaint alleges that the arrest was without probable cause or other justification. *See Pierson v. Ray*, 386 U.S. 547, 555-558 (1967); *Yousefian v. City of Glendale*, 779 F.3d 1010, 1014 n.1. (9th Cir. 2015) (absence of probable cause is essential element of § 1983 false arrest claim). And a claim of unlawful detention/imprisonment is cognizable under § 1983 for violation of the Fourteenth Amendment's guarantee of due process if the arrest was without probable cause or other justification and the defendant knew or should have known that plaintiff was entitled to release. *See Baker v. McCollan*, 443 U.S. 137, 142-145 (1979); *Lee v. County of Los Angeles*, 250 F.3d 668, 684-85 (9th Cir. 2001) (plaintiff stated due process claim where police allegedly arrested plaintiff's son without probable cause, detained him without verifying that he was the person for whom police had an arrest warrant, despite his obvious mental incapacity, and detained him for one day before extradition hearing, which led to his incarceration in another state for two years). *But cf. Gant v. County of Los Angeles*, 772 F.3d 608, 619, 621-22 (9th Cir. 2014) (because plaintiff did not inform defendants of his mistaken identity and because he received a prompt hearing, his due process claim based on unlawful post-arrest detention failed).

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487.

In *Wallace v. Kato*, 549 U.S. 384, 393 (2007), the Court held that the "*Heck* rule for deferred accrual is called into play only when there exists 'a conviction or sentence that has not been . . . invalidated,' that is to say, an 'outstanding criminal judgment.'" *Id.* at 391-93 (quoting *Heck*, 512 U.S. at 486-87).  The *Heck* rule delays accrual only if there is an existing conviction on the date the statute of limitations begins to run, which in the case of wrongful arrest or wrongful imprisonment claims is when the plaintiff's confinement is no longer without legal process, but rather becomes a confinement pursuant to legal process – that is, for example, when he or she is bound over by a magistrate or arraigned on charges.  *Id.* at 389-90.  The Court stated that the contention that "an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside" goes "well beyond *Heck*" and rejected it.  *Id.* at 393 (italics in original).  Although the Court was only considering when the statute of limitations began running on a false arrest/false imprisonment claim, the discussion quoted suggests that *Heck* does not apply if there is no extant conviction – for instance, if plaintiff has only been arrested or charged.

If a plaintiff files a § 1983 false arrest claim before he or she is convicted, or files any other claim related to rulings that likely will be made in a pending or anticipated criminal trial, it is within the power of the district court, and accords with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. *Id.* at 393-94.  If the plaintiff is then convicted, and if the stayed civil suit would impugn that conviction, *Heck* requires dismissal; otherwise, the case may proceed. *Id.* at 394.

Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); however, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, *see Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691.  To impose municipal liability under § 1983 for a violation of constitutional rights resulting from governmental inaction or omission, a plaintiff must show: "(1) that he

4

possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (internal quotation marks omitted). Proof of random acts or isolated incidents of unconstitutional action by a non-policymaking employee are insufficient to establish the existence of a municipal policy or custom. *See Rivera v. County of Los Angeles*, 745 F.3d 384, 398 (9th Cir. 2014).

**Background**

Plaintiff states that he was in an altercation with a security guard at a shopping mall that led to plaintiff being pepper sprayed by the security guard and the Santa Rosa Police Department responding. He states that police officers arrived and with guns drawn ordered him to get on the ground. Plaintiff did not comply, but he did place his backpack on the ground to show a form of submission. Before being approached by police officers, plaintiff stated that he couldn't breathe and needed help due to the pepper spray.

Plaintiff states that defendant Police Officer Albini approached plaintiff and even though plaintiff cooperated, Albini used excessive force in grabbing plaintiff's arms and wrists and placing him on his stomach. Plaintiff states that Albini placed his knee with a great deal of pressure on the back of plaintiff's back and back of his neck. Plaintiff was then handcuffed. Defendant Police Office Rhodes placed plaintiff's legs in a twisted leg lock compression that made it difficult to breathe. Plaintiff states that the excessive force led to injuries and pain.

Plaintiff was then transported to the hospital. At the hospital, Rhodes told plaintiff that the police viewed video footage from the shopping center which showed plaintiff chasing the security guard with a knife and that the security guard was injured. Plaintiff states that he did make an involuntary statement, but he was intimidated and is innocent.

**Discussion**

Plaintiff presents many allegations in his amended complaint including several troubling allegations of excessive force. Plaintiff has presented sufficient allegations of excessive force against Albini and Rhodes. However, the amended complaint is still dismissed with leave to amend to provide more information for the court to determine if the claims may proceed at this time.

Plaintiff states that there was a criminal trial in September 2019, but it is not clear the result of the trial. Plaintiff is currently incarcerated in state prison, but it is also not clear if that is related to the underlying incident in the action. If plaintiff was convicted, then many of his claims may not proceed pursuant to *Heck* unless the conviction has been reversed or expunged. Depending on the criminal charges against plaintiff, it is possible that the excessive force claims could continue if this civil rights action would not imply that his conviction was invalid. If the criminal prosecution is continuing, then this case may be stayed.

Plaintiff was informed of the need to provide information regarding his conviction and charges, but he failed to provide this information in the amended complaint. If plaintiff files a second amended complaint, he must provide more information for the court to determine if this action can proceed. Plaintiff must describe why he is currently incarcerated and if it is for the underlying charges in this action. If he was convicted for the events in this case, he must describe the charges he was convicted of.

**CONCLUSION**

1. The amended complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The second amended complaint must be filed no later than **November 16, 2020**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference.

6

Failure to file amended complaint may result in dismissal of this action.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: October 13, 2020

                                                 */s/ Phyllis J. Hamilton*
                                                 PHYLLIS J. HAMILTON
                                                 United States District Judge