UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HERMAN TAMRAT,
    Plaintiff,

v.

ROBERT SCHREEDER, et al.,
    Defendants.

Case No. 20-cv-01323-PJH

**ORDER OF SERVICE**

Plaintiff, a state prisoner, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983.  The amended complaint was dismissed with leave to amend and plaintiff has filed a second amended complaint and then a third amended complaint.  The court has reviewed the third amended complaint (Docket No. 27).

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim

is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that he was illegally arrested, and defendants used excessive force.

**Legal Standards**

An allegation of the use of excessive force by a law enforcement officer in effectuating an arrest states a valid claim under 42 U.S.C. § 1983. *See Rutherford v. City of Berkeley*, 780 F.2d 1444, 1447 (9th Cir. 1986), *overruled on other grounds by Graham v. Connor*, 490 U.S. 386 (1989); *see also Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641-42 (9th Cir. 2018) (pro se allegations that police officers "beat the crap out of" plaintiff and caused him severe injury enough to support a legally cognizable claim under § 1983). Excessive force claims which arise in the context of an arrest or investigatory stop

1   of a free citizen are analyzed under the Fourth Amendment reasonableness standard.
2   *See Graham v. Connor*, 490 U.S. 386, 394-95 (1989).

3         A claim of unlawful arrest is cognizable under § 1983 for violation of the Fourth
4   Amendment's prohibition against unreasonable search and seizure if the complaint
5   alleges that the arrest was without probable cause or other justification.  *See Pierson v.
6   Ray*, 386 U.S. 547, 555-558 (1967); *Yousefian v. City of Glendale*, 779 F.3d 1010, 1014
7   n.1. (9th Cir. 2015) (absence of probable cause is essential element of § 1983 false
8   arrest claim).  And a claim of unlawful detention/imprisonment is cognizable under § 1983
9   for violation of the Fourteenth Amendment's guarantee of due process if the arrest was
10  without probable cause or other justification and the defendant knew or should have
11  known that plaintiff was entitled to release.  *See Baker v. McCollan*, 443 U.S. 137, 142-
12  145 (1979); *Lee v. County of Los Angeles*, 250 F.3d 668, 684-85 (9th Cir. 2001) (plaintiff
13  stated due process claim where police allegedly arrested plaintiff's son without probable
14  cause, detained him without verifying that he was the person for whom police had an
15  arrest warrant, despite his obvious mental incapacity, and detained him for one day
16  before extradition hearing, which led to his incarceration in another state for two years).
17  *But cf. Gant v. County of Los Angeles*, 772 F.3d 608, 619, 621-22 (9th Cir. 2014)
18  (because plaintiff did not inform defendants of his mistaken identity and because he
19  received a prompt hearing, his due process claim based on unlawful post-arrest detention
20  failed).

21        In order to recover damages for an allegedly unconstitutional conviction or
22  imprisonment, or for other harm caused by actions whose unlawfulness would render a
23  conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction
24  or sentence has been reversed on direct appeal, expunged by executive order, declared
25  invalid by a state tribunal authorized to make such determination, or called into question
26  by a federal court's issuance of a writ of habeas corpus.  *Heck v. Humphrey,* 512 U.S.
27  477, 486-487 (1994).  A claim for damages bearing that relationship to a conviction or
28  sentence that has not been so invalidated is not cognizable under § 1983.  *Id.* at 487.

Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); however, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, *see Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691.  To impose municipal liability under § 1983 for a violation of constitutional rights resulting from governmental inaction or omission, a plaintiff must show: "(1) that he possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (internal quotation marks omitted).  Proof of random acts or isolated incidents of unconstitutional action by a non-policymaking employee are insufficient to establish the existence of a municipal policy or custom.  *See Rivera v. County of Los Angeles*, 745 F.3d 384, 398 (9th Cir. 2014).

**Background**

Plaintiff states that he was in an altercation with a security guard at a shopping mall that led to plaintiff being pepper sprayed by the security guard and the Santa Rosa Police Department responding.  He states that police officers arrived and with guns drawn ordered him to get on the ground.  Plaintiff states that he raised both his arms up.  Before being approached by police officers, plaintiff stated that he could not breathe or see and needed help due to the pepper spray.

Plaintiff states that defendant Police Officer Albini approached plaintiff and used excessive force in grabbing plaintiff's arms and wrists and placing him on his stomach.  Plaintiff states that Albini placed his knee with a great deal of pressure on the back of plaintiff's back and back of his neck.  Plaintiff was then handcuffed.  Defendant Police Officer Rhodes placed plaintiff's legs in a twisted leg lock compression that made it difficult to breathe.  Plaintiff states that the excessive force led to injuries and pain.

4

Plaintiff was then transported to the hospital.  At the hospital, Rhodes told plaintiff that the police viewed video footage from the shopping center which showed plaintiff chasing the security guard with a knife.  Plaintiff states that he did make an involuntary statement, but he was intimidated and is innocent.

**Discussion**

Plaintiff presents many allegations in his amended complaint including several troubling allegations of excessive force.  Plaintiff has also indicated that he was not convicted of any charges related to assaulting the police officers or resisting them.  He was only convicted of crimes relating to the security guard.  Plaintiff has presented sufficient allegations to proceed with claims of excessive force and unlawful arrest and related state law violations against Albini and Rhodes.  These claims do not appear to be barred by *Heck*.  Plaintiff's allegations that defendant Rhodes improperly took a statement regarding the altercation with the security guard are dismissed without prejudice due to *Heck* and plaintiff's conviction on those charges.  Plaintiff has also named Police Chief Schreeder as a defendant for failing to properly investigate the incident and for creating unsafe conditions in the police department.  Plaintiff has failed to present sufficient allegations to link this defendant to the incident or to present a claim pursuant to *Monell*.  This defendant is dismissed with prejudice because plaintiff has already been provided multiple  opportunities to amend and further amendment would be futile.

**CONCLUSION**

1. Defendant Schreeder is **DISMISSED** with prejudice from this action.  The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, copies of the third amended complaint (Docket No. 27) with attachments and copies of this order on Santa Rosa Police Officers Erick Rhodes #352 and Patrick Albini.

2. In order to expedite the resolution of this case, the court orders as follows:

    a. No later than sixty days from the date of service, defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported

5

by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

      b. At the time the dispositive motion is served, defendants shall also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

      c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file a motion for summary judgment claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

      d. If defendant wishes to file a reply brief, he shall do so no later than fifteen days after the opposition is served upon her.

      e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

6

3. All communications by plaintiff with the court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: January 12, 2021

                                            */s/ Phyllis J. Hamilton*
                                            PHYLLIS J. HAMILTON
                                            United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.