UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN TAMRAT,<br><br>    Plaintiff,<br><br>v.<br><br>ERICK RHODES, et al.,<br><br>    Defendants. | Case No. 20-cv-01323-PJH<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. Nos. 31, 32 |

Plaintiff, a state prisoner, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983. The court recently ordered service of the third amended complaint on two defendants and dismissed the police chief defendant because plaintiff had failed to link this defendant to the incident or present a cognizable claim for municipal liability pursuant to *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Plaintiff has filed a motion for reconsideration (Docket No. 32) arguing that the police chief defendant is liable under state law and should be included in this action.

The California Tort Claims Act, *see* Cal. Gov't Code §§ 810, et seq. -- commonly referred to as the California Government Claims Act by the courts, *see City of Stockton v. Sup. Ct.*, 42 Cal. 4th 730, 741-42 (Cal. 2007) -- requires a person to present his claim to the California Victim Compensation and Government Claims Board ("Board") before he may file an action for damages against a California governmental entity or employee "for death or for injury to person or to personal property." Cal. Gov't Code § 911.2; *see* Cal. Gov't Code §§ 905.2, 911.2, 945.4, 950.2. The Government Claims Act has strict time limits for filing such a claim with the Board and for filing an action in court after the rejection of such a claim. A claimant must present his claim to the Board within six

months of the accrual of the cause of action.  *See* Cal. Gov't Code § 911.2.  Additionally, an action against a governmental entity or employee covered by the claims-presentation requirement must be filed within six months following written notice of rejection of the claim by the Board.  *See* Cal. Gov't Code § 945.6(a)(1).  Timely claim presentation is "a condition precedent to plaintiff's maintaining an action against [a state employee or entity] defendant."  *California v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1240 (Cal. 2004).  The failure to include the necessary allegations about claim presentation makes the complaint subject to attack for failure to state a cause of action.  *Id.*

Here, neither the third amended complaint nor the motion for reconsideration allege complete compliance with the Government Claims Act and therefore does not state a claim for a state law violation.  Plaintiff states that he filed a timely claim with the Board.  However, plaintiff states that he never received a response.  Presentation of a written claim and action on or rejection of the claim by the Government Claims Board are conditions precedent to suit.  Cal. Gov't Code § 945.4; *Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1111 (9th Cir. 2001).  Even if plaintiff timely sent a claim and it was never received or sent to the wrong agency, plaintiff cannot proceed with the claim.

Misdirected claims that are not presented in compliance with California Government Code § 915, which requires claims to be delivered to the clerk, secretary, or auditor of the particular public entity, are only deemed to have substantially complied if they are actually received by the entity.  *Jud. Council of Cal. v. Super. Ct.*, 229 Cal. App. 4th 1083, 1086-87, 1100-01 (2014); *see also Guerrero v. Cnty. of Alameda*, No. 18-2379 WHA, 2018 WL 3646818, at *2-3 (N.D. Cal. Aug. 1, 2018) (holding GCA barred suit where plaintiff's citizen's complaint was submitted to the Internal Affairs Department of the Alameda County Sheriff's Office, not to the Clerk of the Alameda County Board of Supervisors); *Life v. Cnty. of Los Angeles*, 227 Cal. App. 3d 894, 901 (1991) (holding that the GCA barred suit even where a public employee failed to forward a misdirected claim to the appropriate agency).

Plaintiff may provide the relevant exhibits of proper compliance with the Government Claims Act by showing the response from the Board, by March 29, 2021. If plaintiff demonstrates proper compliance, the court will screen the legal claims.

Plaintiff has also requested a stay of this case until he is released from custody due to problems litigating this action because he is currently on suicide watch after a suicide attempt. The request for a stay is denied. While plaintiff may have difficulties litigating this action, the court notes that other than showing compliance with the Government Claims Act there are no pending deadlines in this case. If plaintiff requires an extension, he may submit a request to the court. The court notes that plaintiff is also currently litigating four other civil rights actions in this court.

For the foregoing reasons,

1. Plaintiff's motion for reconsideration (Docket No. 32) is **DENIED**. Plaintiff may provide the relevant exhibits of proper compliance with the Government Claims Act by showing the response from the Board, by **March 29, 2021**.

2. Plaintiff's request for a stay (Docket No. 31) is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 26, 2021

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge